# EXHIBIT "A"

 # FINE STAUD AND LEVY LLC

## ATTORNEYS AT LAW
### PERSONAL INJURY, WORKERS COMPENSATION, AND CIVIL LITIGATION
-------------------

ROBERT P. FINE
DAVID W. FINE
DAVID M. SANSWEET
THEODORE C. LEVY*✝

1333 RACE STREET
PHILADELPHIA, PA 19107-1585
PHONE: (215) 665-0100
FAX: (267) 710-7004
E-MAIL: TLEVY@FINEANDSTAUD.COM
WEB:WWW.FINEANDSTAUD.COM

BRAD R. KRUPNICK*
AMANDA J. DAVIDSON*
COLLEEN J. BORUM

LOUIS SAMUEL FINE (DECEASED)
ALOYSIUS J. STAUD (DECEASED)
*ALSO MEMBER OF NEW JERSEY BAR
✝L.L.M. IN TRIAL ADVOCACY

September 19, 2024

**VIA CERTIFIED MAIL**
Burlington Coat Factory of Pennsylvania LLC
1830 Route 130 North
Burlington, NJ 08016

     **RE:**    **A.M., Minor, et al v. Burlington Store #876**
              **CCP, Phila., September Term, 2024, No. 1959**

Dear Sir or Madam:

     Please be advised that you have been sued in the Court of Common Pleas of Philadelphia County. Enclosed please find a copy of the Civil Action Complaint which you have twenty (20) days to file an answer from the date of this letter. I suggest that you forward these documents to your attorney as soon as possible.

     Should you have any questions or concerns, please feel free to contact me immediately.

                    Very truly yours,

                    FINE AND STAUD LLC

                    *Theodore C. Levy, Esquire*

                    THEODORE C. LEVY, ESQUIRE

TCL/elc
Enclosure
Certified Receipt No.  70210350000000693275

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **SEPTEMBER 2024**     01959 |
| E-Filing Number: 2409039042 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| A. M. | BURLINGTON STORE #876 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 9601 ASHTON ROAD APT M10 PHILADELPHIA PA 19114 | 7301 CASTOR AVENUE PHILADELPHIA PA 19152 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CINDY VILLAMARIN | BURLINGTON COAT FACTORY WAREHOUSE OF CHELTENHAM, INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 9601 ASHTON ROAD APT M10 PHILADELPHIA PA 19114 | 1830 ROUTE 130 NORTH BURLINGTON NJ 08016 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JORGE MEJIA | BURLINGTON COAT FACTORY OF PENNSYLVANIA LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 9601 ASHTON ROAD APT M10 PHILADELPHIA PA 19114 | 1830 ROUTE 130 NORTH APT M10 BURLINGTON PA 08016 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 5 | 6 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal <br> [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**

20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED PRO PROTHY** <br> SEP 18 2024 <br> **L. BREWINGTON** | YES     NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>A. M. , CINDY VILLAMARIN , JORGE</u>
<u>MEJIA , CINDY VILLAMARIN , JORGE ME</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THEODORE C. LEVY | FINE AND STAUD LLC <br> 1333 RACE STREET <br> PHILADELPHIA PA 19107 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 665-0100 | (267) 710-7004 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 311794 | tlevy@fineandstaud.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| THEODORE LEVY | Wednesday, September 18, 2024, 04:38 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF PLAINTIFFS:

1. A. M.
   9601 ASHTON ROAD APT M10
   PHILADELPHIA PA 19114
2. CINDY VILLAMARIN
   9601 ASHTON ROAD APT M10
   PHILADELPHIA PA 19114
3. JORGE MEJIA
   9601 ASHTON ROAD APT M10
   PHILADELPHIA PA 19114
4. CINDY VILLAMARIN
   9601 ASHTON ROAD APT M10
   PHILADELPHIA PA 19114
5. JORGE MEJIA
   9601 ASHTON ROAD APT M10
   PHILADELPHIA PA 19114

## COMPLETE LIST OF DEFENDANTS:

1. BURLINGTON STORE #876
   7301 CASTOR AVENUE
   PHILADELPHIA PA 19152
2. BURLINGTON COAT FACTORY WAREHOUSE OF CHELTENHAM, INC
   1830 ROUTE 130 NORTH
   BURLINGTON NJ 08016
3. BURLINGTON COAT FACTORY OF PENNSYLVANIA LLC
   1830 ROUTE 130 NORTH APT M10
   BURLINGTON PA 08016
4. COTTMAN AND CASTOR SHOPPING CENTER
   2001 COTTMAN AVENUE
   PHILADELPHIA PA 19149
5. OLSHAN PROPERTIES
   600 MADISON AVENUE 14TH FLOOR
   NEW YORK NY 10022
6. BURLINGTON STORES, INC.
   1830 ROUTE 130 NORTH
   BURLINGTON NJ 08016

**FINE STAUD & LEVY LLC**
**BY:** Theodore C. Levy, Esquire
ATTORNEY ID NO. 311794
**BY:** Colleen J. Borum, Esquire
ATTORNEY ID NO. 332220
1333 RACE STREET
PHILADELPHIA, PA 19107
(215) 665-0100
tlevy@fineandstaud.com
cborum@fineandstaud.com

ATTORNEYS FOR PLAINTIFFS



Filed and Attested by the
Office of Judicial Records
18 SEP 2024 04:30 pm
D. BREWINGTON

ASSESSMENT OF DAMAGES
HEARING IS REQUESTED

**MAJOR JURY**

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

SEPTEMBER TERM 2024

NO.

**JURY TRIAL DEMANDED**

---

A.M., a minor, by and through her P/N/Gs :
CINDY VILLAMARIN and JORGE MEJIA :
9601 Ashton Road, Apt M10              :
Philadelphia, PA 19114                 :
                                                                                            && :
CINDY VILLAMARIN                       :
9601 Ashton Road, Apt M10              :
Philadelphia, PA 19114                 :
   && :
JORGE MEJIA                            :
9601 Ashton Road, Apt M10              :
Philadelphia, PA 19114                 :
                         Plaintiffs :
       V.                             :
 :
BURLINGTON STORE #876                  :
7301 Castor Avenue                     :
Philadelphia, PA 19152                 :
   && :
BURLINGTON STORES, INC.                :
1830 Route 130 North                   :
Burlington, NJ 08016                   :
   && :
BURLINGTON COAT FACTORY                :
WAREHOUSE OF CHELTENHAM, INC. :
1830 Route 130 North                   :
Burlington, NJ 08016                   :
   && :
BURLINGTON COAT FACTORY OF             :
PENNSYLVANIA, LLC                      :
1830 Route 130 North                   :
Burlington, NJ 08016                   :
   && :
COTTMAN AND CASTOR SHOPPING :
CENTER                                 :

2001 Cottman Avenue        :
Philadelphia, PA 19149      :
        &amp;              :
OLSHAN PROPERTIES     :
600 Madison Avenue, 14th Floor  :
New York, NJ 10022        :
             Defendants   :
                            :

### NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. | Le hand demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | |
| PHILADELPHIA BAR ASSOCIATION<br>Lawyer Referral & Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, PA 19107<br>(215) 238-6333   TTY# (215) 451-6197 | ASOCIACION DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E. Informacion<br>1101 Market Street, 11th Floor<br>(215) 238-6333   TTY# (215) 451-6197 |

**FINE STAUD & LEVY LLC**
**BY:** Theodore C. Levy, Esquire
ATTORNEY ID NO. 311794
**BY:** Colleen J. Borum, Esquire
ATTORNEY ID NO. 332220
1333 RACE STREET
PHILADELPHIA, PA 19107
(215) 665-0100
tlevy@fineandstaud.com
cborum@fineandstaud.com

ATTORNEYS FOR PLAINTIFF

ASSESSMENT OF DAMAGES
HEARING IS REQUESTED

**MAJOR JURY**

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

SEPTEMBER TERM 2024

NO.

**JURY TRIAL DEMANDED**

A.M., a minor, by and through her P/N/Gs :
CINDY VILLAMARIN and JORGE MEJIA :
9601 Ashton Road, Apt M10
Philadelphia, PA 19114                       :
          **&**                             :
CINDY VILLAMARIN                             :
9601 Ashton Road, Apt M10                    :
Philadelphia, PA 19114                       :
          **&**                             :
JORGE MEJIA                                  :
9601 Ashton Road, Apt M10                    :
Philadelphia, PA 19114                       :
          Plaintiffs         :
    V.                                     :
                                         :
BURLINGTON STORE #876                        :
7301 Castor Avenue                           :
Philadelphia, PA 19152                       :
          **&**                             :
BURLINGTON STORES, INC.                      :
1830 Route 130 North                         :
Burlington, NJ 08016                         :
          **&**                             :
BURLINGTON COAT FACTORY                      :
WAREHOUSE OF CHELTENHAM, INC. :
1830 Route 130 North                         :
Burlington, NJ 08016                         :
          **&**                             :
BURLINGTON COAT FACTORY OF                   :
PENNSYLVANIA, LLC                            :
1830 Route 130 North                         :
Burlington, NJ 08016                         :
          **&**                             :
COTTMAN AND CASTOR SHOPPING                  :
CENTER                                       :
2001 Cottman Avenue                          :

Philadelphia, PA 19149                     :
                     &amp;                      :
OLSHAN PROPERTIES                          :
600 Madison Avenue, 14th Floor   :
New York, NJ 10022                         :
                   Defendants        :
_____       :

## CIVIL ACTION COMPLAINT

AND NOW comes the Plaintiffs, A.M., by and through her parents and natural guardians Cindy Villamarin and Jorge Mejia, and Cindy Villamarin and Jorge Mejia individually, by and through their undersigned counsel, Fine Staud & Levy LLC, hereby brings the following causes of actions against the above-named Defendants and in support thereof avers as follows:

## I.     PARTIES

1.     Plaintiff, A.M., is a minor, residing at the above stated address.

2.     Plaintiff, Cindy Villamarin, is an adult individual residing at the above stated address and is the mother of A.M.

3.     Plaintiff, Jorge Mejia, is an adult individual residing at the above stated address and is the father of A.M.

4.     Defendant, Burlington Store #876, is a corporation or other business entity that regularly conducts business in Philadelphia, PA, with offices at the above stated address.

5.     At all times relevant hereto, Burlington Store #876, owned, controlled, possessed, managed, leased and/or was otherwise responsible for the real property located at 7301 Castor Avenue, Philadelphia, PA 19152 (the "Property").

6.     At all times relevant to this action, Defendant, Burlington Store #876 acted by and through its authorized agents, servants and employees acting within the course and scope of their

employment, and Defendant is vicariously liable for their negligent acts and/or omissions in the course and scope of their employment, authority and/or agency.

7. Defendant, Burlington Stores, Inc., is a corporation or other business entity that regularly conducts business in Philadelphia, PA, with offices at the above stated address.

8. At all times relevant hereto, Burlington Stores, Inc., owned, controlled, possessed, managed, leased and/or was otherwise responsible for the real property located at 7301 Castor Avenue, Philadelphia, PA 19152 (the "Property").

9. At all times relevant to this action, Defendant, Burlington Stores, Inc., acted by and through its authorized agents, servants and employees acting within the course and scope of their employment, and Defendant is vicariously liable for their negligent acts and/or omissions in the course and scope of their employment, authority and/or agency.

10. Defendant, Burlington Coat Factory Warehouse of Cheltenham, Inc., is a corporation or other business entity that regularly conducts business in Philadelphia, PA, with offices at the above stated address.

11. At all times relevant hereto, Burlington Coat Factory Warehouse of Cheltenham, Inc., owned, controlled, possessed, managed, leased and/or were otherwise responsible for the real property located at 7301 Castor Avenue, Philadelphia, PA 19152 (the "Property").

12. At all times relevant to this action, Defendant, Burlington Coat Factory of Cheltenham, Inc. acted by and through its authorized agents, servants and employees acting within the course and scope of their employment, and Defendant is vicariously liable for their negligent acts and/or omissions in the course and scope of their employment, authority and/or agency.

13. Defendant, Burlington Coat Factory of Pennsylvania, LLC, is a limited liability company or other business entity that regularly conducts business in Philadelphia, PA, with offices at the above stated address.

14.     At all times relevant hereto, Burlington Coat Factory of Pennsylvania, LLC, owned, controlled, possessed, managed, leased and/or was otherwise responsible for the real property located at 7301 Castor Avenue, Philadelphia, PA 19152 (the "Property").

15.     At all times relevant to this action, Defendant, Burlington Coat Factory of Pennsylvania, LLC, acted by and through its authorized agents, servants and employees acting within the course and scope of their employment, and Defendant is vicariously liable for their negligent acts and/or omissions in the course and scope of their employment, authority and/or agency.

16.     Defendant, Cottman and Castor Shopping Center, is a corporation or other business entity that regularly conducts business in Philadelphia, PA, with offices at the above stated address.

17.     At all times relevant hereto, Cottman and Castor Shopping Center owned, controlled, possessed, managed, leased and/or was otherwise responsible for the real property located at 7301 Castor Avenue, Philadelphia, PA 19152 (the "Property").

18.     At all times relevant to this action, Defendant, Cottman and Castor Shopping Center, acted by and through its authorized agents, servants and employees acting within the course and scope of their employment, and Defendant is vicariously liable for their negligent acts and/or omissions in the course and scope of their employment, authority and/or agency.

19.     Defendant, Olshan Properties, is a corporation or other business entity that regularly conducts business in Philadelphia, PA, with offices at the above stated address.

20.     At all times relevant hereto, Olshan Properties owned, controlled, possessed, managed, leased and/or was otherwise responsible for the real property located at 7301 Castor Avenue, Philadelphia, PA 19152 (the "Property").

21.     At all times relevant to this action, Defendant, Olshan Properties acted by and through its authorized agents, servants and employees acting within the course and scope of their

employment, and Defendant is vicariously liable for their negligent acts and/or omissions in the course and scope of their employment, authority and/or agency.

## II.    JURISDICTION AND VENUE

22.    Jurisdiction and Venue are proper in the Court of Common Pleas in Philadelphia County, Commonwealth of Pennsylvania in that Defendants regularly conduct business in Philadelphia County, Commonwealth of Pennsylvania, all events occurred in Philadelphia, and Defendants may be properly served in Philadelphia County, Commonwealth of Pennsylvania.

## III.    CHRONOLOGY OF FACTS

23.    On or about February 12, 2024, at approximately 5:00 pm, Plaintiff, A.M., was going shopping with her mother, Plaintiff, Cindy Villamarin, at Burlington Store #876.

24.    At all times relevant hereto, Plaintiffs were business invitees on the property.

25.    As a business invitee, Plaintiffs were owed the highest degree of care.

26.    Because Plaintiffs were business invitees, Defendants were required to warn Plaintiff about all dangers that they knew about or should have known about.

27.    Plaintiffs, A.M. and Cindy Villamarin, had been shopping at the store for 30-45 minutes.

28.    While A.M. and Cindy Villamarin were shopping in the store, a man approached A.M. and masturbated in front of her, with his pants down and his penis and testicles in full view.

29.    The perp stared directly at A.M., a girl who was twelve (12) years old at the time, while sexually pleasuring himself.

30.    The way the perp acted made A.M. fear that she was going to be physically sexually assaulted by the perp.

31.     In response, Cindy Villamarin immediately went to the front desk and informed store employees about the dangerous man masturbating in front of her daughter and terrifying her.

32.     Store employees checked the security footage and told Cindy Villamarin that the man had been following the store, and possibly following A.M., a minor, for about twenty (20) minutes.

33.     The video demonstrated that the man had been walking around the store for an extended period and masturbated with his pants down multiple times.

34.     At no point during the extended period of time that the perp was pulling his pants down and masturbating in the store did store employees call the police.

35.     At no point during the time the perp masturbated and pulled his pants down in the store did any store employee approach him and direct him that he had to leave the store.

36.     At no point in time while the perp was following around A.M., a minor, did the store employees do anything to intervene.

37.     Store employees were not paying attention to the store cameras at this time, because if they were they would have noticed the perp taking his pants off and masturbating on multiple occasions and would have had sufficient time to intervene prior to him masturbating in front of minor Plaintiff, causing her to fear for her life.

38.     The perp had been taking his clothes off and masturbating in the store prior to approaching Plaintiff, A.M., and masturbating in front of her.

39.     Defendant's failure to take any action to protect a twelve (12) year old customer from a sexual predator, was a reckless indifference to third parties, including Plaintiff, A.M.

40.     Plaintiffs relied on and trusted that Defendants to provide a safe and hazard free environment while they shopped in Defendants' store.

41.    Defendants failed to have properly trained security personnel to detect dangerous people in the store and call the police or instruct them to leave the store before they harmed other customers.

42.    There were no employees of Defendants who took any action to get the sexual predator to leave the store or to call the police prior to Defendant exposing himself to A.M., a minor, and masturbating in front of her while staring her down and making her fear for her safety.

43.    At all times relevant to this cause of action, Defendants acted and/or failed to act through its agents, ostensible agents, officers, servants, representatives, supervisors, counselors, workmen and/or employees, who at all relevant times were acting within the course and scope of their employment and/or authority for and on the business of Defendants and under their control or right to control.

44.    Defendants are vicariously or otherwise responsible for the negligent and tortious acts and/or omissions of its agents, ostensible agents, officers, servants, representatives, supervisors, counselors, workmen and/or employees.

45.    Defendants owed a duty to third parties, such as A.M., and her mother Cindy Villamarin, to dangerous third parties from violently attacking business invitees, and to warn those business invitees susceptible to harm. Defendants knew or should have known that this sexual predator was likely to cause bodily harm to others if not controlled and Defendants had a duty to exercise reasonable care prevent Plaintiffs from suffering such harm.

46.    As a direct and proximate result of Defendant's grossly negligent, willful, wanton, and reckless acts and omissions, Plaintiff, A.M., suffered severe, permanent, and life-changing mental and emotional injuries.

47.    As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff, A.M., sustained serious and permanent injuries which caused a serious impairment of body

function. Plaintiff's injuries include without limitation, mental and emotional injuries from watching graphic masturbation in front of her, fear that she will be subject to a violent sexual assault, post-traumatic stress disorder, depression, anxiety, other psychological conditions, and aggravation of preexisting conditions if any, all or some of which are or may be permanent. Plaintiff also makes claim for such injuries, damages and consequences of which she has no present knowledge.

48.     As a further result of this accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for the injuries she has suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

49.     As a further result of this accident, Plaintiff has or may suffer a severe loss of her earnings and of her earning capacity and power.

50.     As a direct and proximate result of this accident, Plaintiff has or may hereafter incur financial expenses or losses which do or may exceed amounts she may otherwise be entitled to receive.

51.     As a further result of this accident, and by reason of the injuries as aforesaid, Plaintiff has suffered and, in the future, may continue to suffer great pain and agony, mental anguish and humiliation and has been, and may in the future, be hindered from attending to her daily duties, function and occupation, to her great detriment and loss.

## COUNT I & II – NEGLIGENCE AND GROSS NEGLIGENCE
### A.M., A MINOR, BY AND THROUGH HER P/N/G CINDY VILLAMARIN AND JORGE MEJIA, AND CINDY VILLAMARIN AND JORGE MEJIA, INDIVIDUALLY v. BURLINGTON STORE #876, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY WAREHOUSE OF CHELTENHAM, INC., BURLINGTON COAT FACTORY OF PENNSYLVANIA, LLC, COTTMAN AND CASTOR SHOPPING CENTER, AND OLSHAN PROPERTIES

52.     Plaintiffs incorporate the above paragraphs as though fully set forth herein.

53.   Defendants were grossly negligent, willful, wanton, and reckless by:

a.   failing to provide proper oversight and supervision to Burlington Store #876;

b.   failing to provide a sufficient number of staff to supervise Burlington Store #876;

c.   failing to have adequate staffing and security despite prior incidents occurring in the store;

d.   failing to impede, stop, or otherwise prevent their sexually deviant customer from approaching A.M. and masturbating in front of her;

e.   failing to have adequate procedures to detect dangerous conduct in the store, allowing the sexually deviant customer to follow A.M. for a substantial time prior to the incident;

f.   failing to direct, instruct, and/or train their employees, agents, contractors and/or apparent agents to properly supervise and monitor the store properly;

g.   failing to create, adopt and/or enforce proper policies and procedures to ensure the safety of third parties, including Plaintiff A.M.;

h.   failing to properly train their employees, agents, contractors and/or apparent agents;

i.   choosing to and failing to disregard the known risk of harm presented by the man who was walking around masturbating in their store for an extended period of time;

j.   failing to provide sufficient number of staff;

k.   negligent hiring of employees;

l.   negligent training of employees; and

m.   negligent supervision of employees.

54.   As a direct and proximate cause of the negligent, grossly negligent, wanton, reckless and outrageous acts and/or omissions of the Defendants Plaintiff, A.M., suffered severe psychological injuries, including but not limited to post-traumatic stress disorder; depression; anxiety, and other psychological injuries.

55.     Because of the grossly negligent, wanton, reckless and outrageous conduct of Defendants, Plaintiff is entitled to punitive damages.

56.     As a direct and proximate result of the above-described grossly negligent, wanton, reckless and outrageous acts and/or omissions of Defendants, Plaintiff, A.M., has suffered, and continues to suffer, severe and debilitating emotional and psychological distress.

57.     As a direct and proximate result of the above-described grossly negligent, wanton, reckless and outrageous acts and/or omissions of Defendants, Plaintiff A.M., has undergone great mental anguish and she may continue to endure the same for an indefinite time in the future to her great detriment and loss.

58.     As a direct and proximate result of the above-described grossly negligent, wanton, reckless and outrageous acts and/or omissions of Defendant, Plaintiff A.M., has been unable to attend to her usual and daily duties and will be unable to attend to the same for an indefinite time in the future to her great detriment and loss.

59.     As a further result of the grossly negligent, wanton, reckless and outrageous acts and/or omissions of Defendant, Plaintiff, A.M., has been compelled to undergo medical care and attention, and psychological/psychiatric care and counseling, in an effort to effect a cure for her injuries, and she may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss.

**WHEREFORE**, Plaintiffs, A.M., a minor, by and through her p/n/g Cindy Villamarin and Jorge Mejia, and Cindy Villamarin and Jorge Mejia, individually, hereby request this Honorable Court to enter judgment in their favor and against Defendants, Burlington Store #876, Burlington Stores, Inc., Burlington Coat Factory Warehouse of Cheltenham, Inc., Burlington Coat Factory of Pennsylvania, LLC, Cottman and Castor Shopping Center, and Olshan Properties, individually, jointly, severally, and/or vicariously in a sum greater than $50,000.00, plus interest, delay

damages, punitive damages, and costs of suit.

## COUNT III – VICARIOUS LIABILITY
### A.M., A MINOR, BY AND THROUGH HER P/N/G CINDY VILLAMARIN AND JORGE MEJIA, AND CINDY VILLAMARIN AND JORGE MEJIA, INDIVIDUALLY v. BURLINGTON STORE #876, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY WAREHOUSE OF CHELTENHAM, INC., BURLINGTON COAT FACTORY OF PENNSYLVANIA, LLC, COTTMAN AND CASTOR SHOPPING CENTER, AND OLSHAN PROPERTIES

60.    Plaintiffs incorporate the above paragraphs as though fully set forth herein.

61.    Defendants failed to act and/or chose to act in a grossly negligent, willful, wanton, reckless, and indifferent manner in being vicariously liable for the acts and omissions of their employees as though Defendants performed such grossly negligent, willful, wanton, reckless, and indifferent acts themselves in the following:

    a.    allowing the sexual predator to approach minor Plaintiff and masturbate in front of her;

    b.    disregarding the known risk of harm the sexual predator presented to third persons, including Plaintiff A.M.;

    c.    failing to account for the whereabouts of the sexual predator despite him taking his pants off and masturbating in the store before approaching A.M.; and

    d.    failing to follow its policies and procedures;

62.    As a direct and proximate cause of the grossly negligent, wanton, reckless and outrageous acts and/or omissions of the Defendants, Plaintiff, A.M., suffered severe psychological injuries, including but not limited to post-traumatic stress disorder; depression; and anxiety and other psychological conditions.

63.    Because of the grossly negligent, wanton, reckless and outrageous conduct of Defendants, the Plaintiff is entitled to punitive damages.

64.     As a direct and proximate result of the above-described grossly negligent, wanton, reckless and outrageous acts and/or omissions of Defendants, Plaintiff A.M., has suffered, and continues to suffer, severe and debilitating emotional and psychological distress.

65.     As a direct and proximate result of the above-described grossly negligent, wanton, reckless and outrageous acts and/or omissions of Defendants, Plaintiff A.M., has undergone great physical pain and mental anguish and she may continue to endure the same for an indefinite time in the future to her great detriment and loss.

66.     As a direct and proximate result above-described grossly negligent, wanton, reckless and outrageous acts and/or omissions of Defendants, Plaintiff A.M., has been unable to attend to her usual and daily duties and will be unable to attend to the same for an indefinite time in the future to her great detriment and loss.

67.     As a further result of the grossly negligent, wanton, reckless and outrageous acts and/or omissions of Defendants, Plaintiff A.M., has been compelled to undergo medical care and attention, and psychological/psychiatric care and counseling, in an effort to effect a cure for her injuries, and she may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss.

**WHEREFORE,** Plaintiffs, A.M., a minor, by and through her p/n/g Cindy Villamarin and Jorge Mejia, and Cindy Villamarin and Jorge Mejia, individually, hereby request this Honorable Court to enter judgment in their favor and against Defendants, Burlington Store #876, Burlington Stores, Inc., Burlington Coat Factory Warehouse of Cheltenham, Inc., Burlington Coat Factory of Pennsylvania, LLC, Cottman and Castor Shopping Center, and Olshan Properties, individually, jointly, severally, and/or vicariously in a sum greater than $50,000.00 plus delay damages and costs of suit.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## CINDY VILLAMARIN V. BURLINGTON STORE #876, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY WAREHOUSE OF CHELTENHAM, INC., BURLINGTON COAT FACTORY OF PENNSYLVANIA, LLC, COTTMAN AND CASTOR SHOPPING CENTER, AND OLSHAN PROPERTIES

68.     Plaintiffs incorporate the above paragraphs as though fully set forth herein.

69.     As a direct and proximate result of the carelessness, negligence, and other liability producing conduct of the Defendants, as aforesaid, Plaintiff, Cindy Villamarin, witnessed first-hand, at close range, the horrific event of her young daughter, A.M. being approached and masturbated in front of by a sexual predator.

70.     As a result of being placed in the zone of danger and contemporaneously witnessing their young child be subject to being approached by a sexual predator who masturbated in front of her, Plaintiff, Cindy Villamarin, continues to suffer severe emotional distress, physical manifestations of emotional distress, psychological pain, emotional scarring, fear, anxiety, mental anguish, and other debilitating emotional, psychological and mental injuries, to full extent of which may not yet have been realized.

**WHEREFORE**, Plaintiff, Cindy Villamarin, hereby requests this Honorable Court to enter judgment in her favor and against Defendants, Burlington Store #876, Burlington Stores, Inc., Burlington Coat Factory Warehouse of Cheltenham, Inc., Burlington Coat Factory of Pennsylvania, LLC, Cottman and Castor Shopping Center, and Olshan Properties, individually, jointly, severally, and/or vicariously in a sum greater than $50,000.00 plus delay damages and costs of suit.

Case ID: 240901959

Respectfully Submitted,

FINE STAUD & LEVY LLC

*Theodore C. Levy*

By:_____
THEODORE C. LEVY, ESQUIRE
COLLEEN J. BORUM, ESQUIRE
Attorneys for Plaintiffs

DATE: 9/18/24

## VERIFICATION

I, Cindy Villamarin                    , hereby state that I am the **PLAINTIFF** in

this matter; that the averments contained in the foregoing    Complaint

are true and correct to the best of my knowledge, information and belief, and further that

this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn

falsification.

x  _Cindy J. V. 6_

Cindy Villamarin

DATE:  9/18/24

Case ID: 240901959

## VERIFICATION

I,   Jorge Mejia                    , hereby state that I am the **PLAINTIFF** in

this matter; that the averments contained in the foregoing        Complaint


are true and correct to the best of my knowledge, information and belief, and further that

this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn

falsification.

_____
Jorge Mejia

DATE:   9/18/24

Case ID: 240901959